UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| RUSSELL N. HASEGAWA,<br><br>   Plaintiff,<br><br>   v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>   Defendant. | Case No. 2:19-cv-02953-JLS (JDE)<br><br>ORDER TO SHOW CAUSE RE: DISMISSAL FOR APPARENT UNTIMELINESS OF COMPLAINT |

  On April 17, 2019, Plaintiff Russell N. Hasegawa, through counsel, filed a Complaint seeking review of a decision of the Commissioner of Social Security and a Request to Proceed In Forma Pauperis ("IFP), which was granted the same day. Dkt. 1-3. On April 25, 2019, Plaintiff filed a request for service by the U.S. Marshal. Dkt. 10.

  In cases in which a Plaintiff is proceeding IFP, the Court has an obligation to dismiss any such case "at any time if the court determines that . . . (B) the action . . . (ii) fails to state a claim upon which relief can be granted." 28 U.S.C. § 1915(e)(2). "A district court may deny leave to proceed IFP at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." Minetti v. Port of Seattle, 152 F.3d 1113, 1115

(9th Cir. 1998). Dismissal for failure to state a claim can be based on either the lack of a cognizable legal theory or the absence of factual support for such a theory. See Mediondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). A complaint may also be dismissed for failure to state a claim if it discloses some fact or complete defense that will necessarily defeat the claim. Franklin v. Murphy, 745 F.2d 1221, 1228-29 (9th Cir. 1984).

Judicial review of decisions of the Commissioner of Social Security are governed by 42 U.S.C. § 405(g), which provides, in relevant part: "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of the notice of such decision or within such further time as the Commissioner of Social may allow." Id.; Bowen v. City of New York, 476 U.S. 467, 479 (1986) (Sections 405 (g) and (h) operate to constitute a sixty–day statute of limitations in which the claimant may appeal a final decision from the Commissioner). "[T]he date of receipt of notice . . . shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary." 20 C.F.R. § 422.210(c). The time limit set forth in section 405(g) is a condition on the waiver of sovereign immunity, and thus, it must be strictly construed. Bowen, 476 U.S. at 479. "A civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3; see Rodgers v. Bowen, 790 F.2d 1550, 1551 (11th Cir. 1986) ("an action is commenced within the meaning of § 405(g) when a complaint is filed with the court").

In the Complaint, Plaintiff asserts: "This action is an appeal from a final administrative decision denying [Plaintiff's] claim and commenced within the appropriate time period set forth in the Action of Appeals Council on Request for Review dated December 21, 2018." Complaint ¶ 2 (emphasis added). As noted, the Complaint was filed on April 17, 2019—118 days after the date of

the alleged date of the final agency decision, well beyond the 60-day statutory period. Thus, it appears on the face of the Complaint that Plaintiff did not seek judicial review within the statutory time permitted for such review.

***************************

Accordingly, Plaintiff is ORDERED TO SHOW CAUSE, in writing within fourteen (14) days from the date of this Order, why this action should not be dismissed as untimely. If Plaintiff contends that this action is timely, he shall set forth in detail all admissible, competent evidence and argument in support of his position. Instead of filing a response to this Order, Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). <u>The Clerk is directed to attach a Notice of Dismissal form.</u>

Plaintiff is cautioned that a failure to timely file a response to this Order will result in the Court recommending the dismissal of this action with prejudice as untimely, and for failure to prosecute and comply with a court order. <u>See</u> Fed. R. Civ. P. 41(b).

Dated: April 25, 2019

_____
JOHN D. EARLY
United States Magistrate Judge